IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES T. TROIANO,

        Petitioner,

    v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:12-CV-940
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Return of Writ*, Petitioner's *Traverse,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED.**

**Facts and Procedural History**

The statement of facts is summarized in the *Guilty Plea Transcript* and is not repeated herein. *See Return of Writ*, PageID# 909-10; *Exhibit 38 to Return of Writ*. The Franklin Cuonty Court of Common Pleas summarized the procedural history of this case as follows:[1]

> On August 28, 2008 Defendant was indicted for Kidnapping, Robbery, (Felonies of the Second Degree) and Robbery (Felony of the Third Degree) in Case Number 08CR6293. On September 8, 2008, Defendant was indicted for Rape, Kidnapping and Gross Sexual Imposition in Case Number 08CR6549.
>
> Defendant plead [*sic*] guilty to Abduction, a Felony of the Third Degree, and Robbery, a Felony of the Second Degree, in Case Number 08CR6293; he plead [*sic*] guilty to Rape, a Felony of the

---

[1] This summary is taken from the trial court's denial of Petitioner's petition for post conviction relief. *See Exhibit 33 to Return of Writ.*

First Degree, Kidnapping, a Felony of the First Degree, and Gross Sexual imposition, a Felony of the Fourth Degree in Case Number 08CR6549 on May 21, 2009.

Defendant signed the Entry of Guilty Plea form which states:

> I understand my guilty plea to the crime specified constitute both an admission of guilt and a waiver of any all constitutional, statutory, or factual defenses with respect to such crime and this case. I further understand that by pleading guilty I waive a number of important and substantial constitutional, statutory and procedural rights, which include but are not limited to, the right to have a trial by jury, the right to confront witnesses against me, to have compulsory subpoena process for obtaining witnesses in my favor, to require the state to prove my guilt beyond a reasonable doubt on each crime herein charged at a trial at which I cannot be compelled to testify against myself, and to appeal the verdict and rulings of the trial court made before or during trial, should those ruling or the verdict be against my interests.

While entering his guilty plea Defendant said he understood the charges against him in both cases, indicated that he talked with his attorney to understand what he was signing since he could not read very well, and said his attorney explained everything to him and answered all of his questions. (Transcript at pp. 9-12). However, during the plea the Court only asked Defendant if he understood that he was giving up his right to testify on his own behalf. The Court did not explicitly ask Defendant if he understood that no one could force him to testify or that no one could hold it against him if he chose not to testify on his own behalf.

***

Defendant's Motion for a Delayed appeal was granted on November 10, 2009 and an attorney from the Franklin County Public Defender's Office, not trial counsel, represented Defendant on appeal. The Defendant asserted two assignments of error: first that the trial court erred by imposing consecutive sentences without making required statutory findings and second that the trial court failed to comply with Criminal Rule 11 when taking the plea when it did not comprehensively advise the Defendant of his right to testify against himself. Defendant did not raise any issues

2

> regarding ineffective assistance of counsel in his appeal. On appeal, the 10th District Court of Appeals held that the trial court did not strictly comply with Criminal Rule 11(c)(2)(c) . . . and sustained the Defendant's second assignment of error.[2]
>
> The State appealed to the Supreme Court of Ohio, who initially declined to review the case but then later accepted it and ordered that the case be held pending the Court's decision in *State v. Barker*. . . . On August 24, 2011, the Supreme Court of Ohio held in *Barker* that: 1) word for word recitation of the criminal rule is not necessary to the taking of a guilty plea so long as the rights are explained in a way that the defendant can understand; and 2) any alleged ambiguity in a plea colloquy can be clarified by referencing other portions of the record, including the written plea forms. *See State v. Barker*, 129 Ohio St.3d 472. . . . The State filed its *Motion of Plaintiff for Application of Barker* and argues that in light of *Barker* there is no reason to overturn Defendant's plea-based conviction.

*Exhibit 33 to Return of Writ*. In his petition for post conviction relief, Petitioner raised claims of ineffective assistance of trial counsel. On February 14, 2012, the trial court denied Petitioner's claims of ineffective assistance of counsel, holding that Petitioner's plea was knowing, intelligent and voluntary and any error was harmless under *Barker. Id*. Petitioner did not file an appeal.

Petitioner raised the following assignments of error on direct appeal:

> [1.] THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED STATUTORY FINDINGS PURSUANT TO R.C. 2929 .14(E)(4).
>
> [2.] THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH CRIM.R. 11 BY INFORMING THE DEFENDANT THAT THE STATE WAS REQUIRED TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT AND BY FAILING TO PROPERLY ASCERTAIN THAT THE DEFENDANT UNDERSTOOD THE NATURE OF THE CHARGE AGAINST HIM.

---

[2] The trial court stayed Petitioner's post conviction petition pending resolution of the appeal. *See Exhibit 31 to Return of Writ.*

*See State v. Troiano*, No. 09AP-862, 2010 WL 2638523 (Ohio App. 10th Dist. June 30, 2010), *reversed by State v. Troiano*, 130 Ohio St.3d 316 (2011).  On June 30, 2010, the state appellate court reversed Petitioner's convictions based on the trial court's failure to comply with Ohio Criminal Rule 11(C) and remanded the case to the trial court. *Id.*  After the Ohio Supreme Court granted the State's motion for reconsideration, *see Exhibits 24, 25,* on October 13, 2011, the Ohio Supreme Court reversed the appellate court's decision, and remanded the case to the for application of *State v. Barker*, 129 Ohio St.3d 472 (Ohio 2011)(plea colloquy must be considered in view of entire record, including written plea).  *State v. Troiano*, 130 Ohio St.3d at 316. *Exhibit 28 to Return of Writ.* Petitioner apparently did not file an appeal.

On October 12, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He asserts that he is in the custody of the Respondent because the trial court improperly imposed consecutive sentences and failed to comply with Ohio Criminal Rule 11 (claim one);  and because he was denied effective assistance of counsel and the right to counsel (claim two).  It is the position of the Respondent that Petitioner's claims are procedurally defaulted or without merit.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies.  *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). If, because

of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a reviewing court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, a court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, the court must decide whether the state procedural rule is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the court has determined that a petitioner did not comply with a state procedural rule and that the rule was an adequate and independent basis on which to do so, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to a failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

**<u>Application to Claim Two – Effective Assistance of Counsel</u>**

In claim two, Petitioner asserts that he was denied effective assistance of counsel. Specifically, he asserts, *inter alia*, that his attorney never advised him of the evidence against him, refused to listen to anything Petitioner had to say, failed to discuss the case against him or

5

advise him regarding court proceedings, failed properly to investigate by calling the "Chat Line Number," where the victim worked, told Petitioner to "shut up," failed to object to a violation of Ohio rules of criminal procedure during the guilty plea hearing, and failed to advise Petitioner of all of the rights he was waiving by entering a guilty plea. Petitioner additionally appears to assert that he was denied the right to counsel in the Ohio Supreme Court, after it granted the State's motion for reconsideration of the dismissal of the appeal. *Petition*, PageID# 23-26.

Petitioner plainly has procedurally defaulted these claims for relief. He properly raised off-the-record claims of ineffective assistance of counsel in his petition for post-conviction relief; however, he failed thereafter to file an appeal of the trial court's decision to the Ohio Court of Appeals, and may now no longer do so, as Ohio does not permit delayed appeals in post-conviction proceedings. *See* Ohio Rule of Appellate Procedure 5(A). The Supreme Court of Ohio has specifically held that "a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a post conviction relief determination ... [and] that post conviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions." *State v. Nichols*, 11 Ohio St.3d 40, 43 (1984). Because petitioner failed to timely file an appeal from the trial court's denial of his post-conviction petition and Ohio does not permit delayed appeals from post-conviction relief determinations, the first *Maupin* factor is met in that Petitioner failed to comply with a state procedural rule. *See Wright v. Lazaroff*, 634 F.Supp.2d 971, 987–88 (S.D. Ohio 2009).

> [T]his Court may presume that the state court would not have ignored its own procedural rule disallowing delayed appeals from post-conviction proceedings. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996). The inapplicability of delayed appeals under Ohio App. R. 5(A) for denials of post-conviction relief is firmly established and regularly followed by Ohio courts. *See Carley v. Hudson,* 563 F.Supp.2d 760, 776 (N.D. Ohio 2008) (and cases cited therein).

6

*Id*. at 988; s*ee also Scott v. Warden,* No. 13-cv-0362, 2014 WL 29514, at *6-7 (S.D. Ohio Jan. 3, 2014)(same)*; Nesser v. Wolfe*, 370 F. App'x 665 (unpublished), 2010 WL 1141006, at *4 (6th Cir. March 25, 2010) ("Ohio does not permit delayed appeals in postconviction proceedings, and this is an adequate and independent ground upon which to deny relief.") (citations omitted). Thus, this Court concludes that Petitioner has procedurally defaulted the off-the-record claims of ineffective assistance of counsel he presents for review in this proceedings.

Petitioner failed to raise any on-the-record claims of ineffective assistance of trial counsel on direct appeal, where he was represented by new counsel. He may now no longer do so, by application of Ohio's rule of *res judicata*. *See State v. Cole,* 2 Ohio St.3d (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); State *v. Perry*, 10 Ohio St.2d 175 (1967) (claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*.). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

Ohio's doctrine of *res judicata* in this context is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); s*ee also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112 ; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that Ohio's doctrine of *res judicata* in this context does not rely on or otherwise implicate federal law. Accordingly, the Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner has waived all of his claims of ineffective assistance of counsel for federal habeas corpus review.

As to Petitioner's claim that he was denied the right to counsel in the Ohio Supreme Court, Respondent correctly notes that Petitioner never presented this a claim to the Ohio courts and, for the reasons discussed above, it likewise is waived. Nonetheless, this claim plainly lacks merit. There is no right to counsel beyond the first appeal as of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see Wright v. Lazaroff*, 643 F.Supp.2d 971, 993 (S.D. Ohio 2009)(citing *Pennsylvania v. Finley; Coleman v. Thompson; Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006).

Petitioner may still obtain review of his claims on the merits if he establishes cause for his procedural default as well as actual prejudice from the alleged constitutional violations.

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule."

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman*, 501 U.S. at 753). Petitioner has failed to meet this standard here. Nothing in the record indicates that any external factor impeded Petitioner's ability to file a direct appeal. The fact that his claims now are barred, therefore, is attributable only to him.

Additionally, the claimed ineffective assistance of counsel cannot serve as cause for Petitioner's procedural default, because that claim has never been presented to the state courts, and it does not appear that Petitioner may any longer do so now. *See Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000) (ineffective assistance of counsel cannot constitute cause for a procedural default where that claim is also procedurally defaulted).

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. Petitioner has failed to meet this standard here. *See McQuiggin v. Perkins*, -- U.S. --, 133 S.Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005)(footnote omitted). He brings forth no new evidence indicating he is factually innocent of the charges against him.

Because Petitioner procedurally defaulted his claim and has presented no justification or sufficient cause, this Court is precluded from reviewing his claim. Claim two is waived.

**Claim One – State Law Matters**

In claim one, Petitioner asserts that the trial court improperly imposed consecutive sentences without making required findings under Ohio law. This claim implicates a matter of Ohio law.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, a federal habeas court can only consider whether the alleged error violated a federal constitutional right.[3]

To the extent that Petitioner asserts a federal constitutional claim, this claim, too, fails. "[T]he Supreme Court explicitly held in [*Oregon v. Ice*, 555 U.S. 160 (2009)], that the imposition of consecutive sentences does not implicate constitutional concerns under the Sixth Amendment[.]" *Scott v. Warden, Southern Correctional Facility*, No. 1:12–cv–118, 2013 WL 2096641, at *6 (S.D. Ohio May 14, 2013). The Supreme Court held in *Ice* that "the choice whether to impose sentences consecutively or concurrently is a matter that has historically rested 'exclusively' with the sentencing judge and . . . that 'the prevailing practice' of judges has been" imposition of consecutive, rather than concurrent, sentences. *Id.* (citing *Ice*, 555 U.S. at 168–69).

> All agree that a scheme making consecutive sentences the rule, and concurrent sentences the exception, encounters no Sixth Amendment shoal. To hem in States by holding that they may not equally choose to make concurrent sentences the rule, and consecutive sentences the exception, would make scant sense. Neither *Apprendi [v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] nor our Sixth Amendment traditions compel straitjacketing the States in that manner.

*Ice,* at 171.

---

[3] Respondent contends that the claim is waived because Petitioner failed again to raise the issue after the case was remanded to the trial court to reinstate his convictions. *Return of Writ*, PageID# 918-19. This Court need not address the issue, as Petitioner's claim plainly lacks merit.

Petitioner also asserts in claim one that his guilty plea is invalid because the trial court failed to comply with Ohio Criminal Rules.  Again, to the extent this issue implicates a matter of involving solely the alleged violation of state law, the claim fails to warrant relief.  28 U.S.C. § 2254(a).  The Ohio Supreme Court already has decided the issue, and this Court defers to a state's interpretation of its own laws.  *See Allsup v. Sheldon*, No. 3:11-cv-2210, 2013 WL 3200641, at *4 (N.D. Ohio June 24, 2013)(citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)).

This Court may, however, address the federal constitutional issue at hand.  A state court's compliance with Ohio Criminal Procedure Rule 11(C) relates to a petitioner's constitutional claim that his guilty plea was not knowing, intelligent or voluntary.  *See Gilbert v. Hudson*, No. 1:08-cv-1867, 2009 WL 3246978, at *13 (N.D. Ohio Oct. 5, 2009)(addressing the federal issue in this context); *see also McBrayer v. Banks*, No. 2:10-cv-348, 2011 WL 3204706, at *3-4 (S.D. Ohio June 13, 2011)(same).

The state appellate court made the following relevant factual findings in considering Petitioner's claim on direct appeal:

> The trial court informed appellant that by entering a guilty plea, he waived his rights to a jury trial, to confront one's accusers, to compulsory process, and to require the state to prove guilt beyond a reasonable doubt. However, the trial court did not inform appellant that he also waived his privilege against compulsory self-incrimination. . . .
>
> Before accepting appellant's guilty plea, the trial court advised appellant that "if you had a trial * * * it would be up to you as to whether you testified at the trial on your own behalf because you have that right. Do you understand you're giving up the right to testify on your own behalf today?" (Plea Hearing p. 14). This advisement informs appellant of his right to testify on his own behalf, a constitutional right that is not listed in Crim.R. 11(C)(2)(c). *State v. Exline*, 8th Dist. No. 87945, 2007-Ohio-272, ¶ 19; *Rock v. Arkansas* (1987), 483 U.S. 44, 49-52, 107 S.Ct. 2704,

11

> 2708-10 (recognizing right). The trial court, however, did not inform appellant of his right against compulsory self-incrimination, a separate and distinct constitutional right that is set forth in Crim.R. 11(C)(2)(c). *State v. Haines* (Nov. 14, 1995), 8th Dist. No. 49721 (trial court's advisement of defendant's right to testify does not satisfy requirement to explain right against self-incrimination).

*State v. Troiano*, 2010 WL 2638523, at *2. These findings are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Moreover, the Ohio Supreme Court's decision concluding that the guilty plea substantially complied with Ohio Criminal Rules determining whether a guilty plea is knowing, intelligent or voluntary does not provide a basis for relief, unless the decision unreasonably applied or contravened federal law, or constituted an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

The United State Supreme Court has described Antiterrorism and Effective Death Penalty Act ("AEDPA") as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow,* ––– U.S. –––, –––, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, ––– U.S. –––, –––, 131 S.Ct. 770, 786 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA ... imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362. *Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, –––U.S. –––, –––, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, ... [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21, 123 S.Ct. 2527 (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington*, 131 S.Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as " 'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under Section 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ("'[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court

considered and discussed every angle of the evidence.' " (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)); *see also Nicely v. Mills,* 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster,* 131 S.Ct. at 1398. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399.

The transcript of Petitioner's guilty plea hearing indicates that the prosecutor reviewed the terms of Petitioner's *Plea Agreement* and the potential sentences involved. *Guilty Plea Transcript, Exhibit 38 to Return of Writ,* PageID#1288-1290. He summarized the facts of the case, indicating that the victim was a 30 year old female approached on the street by Petitioner, who attacked her, punched her in the jaw and raped her, threatening to kill her if she screamed. The second victim involved a 23 year old woman rescued by a witness who chased Petitioner into an alley and held him there until police arrived. Petitioner told police he just wanted some money. His backpack contained a knife, ski mask, binoculars and a flashlight. His DNA matched the evidence from the first attack. PageID# 1290-93.

At the guilty plea hearing, Petitioner denied being under the influence of alcohol or drugs. He understood the proceedings. PageID# 1295. The trial court advised him of the charges against him. Petitioner indicated he understood. *Id.* Petitioner had discussed with his attorney the written guilty plea documents and understood what he was signing. PageID# 1296. He denied being threatened or made any promises to induce his guilty plea. PageID#1296-97. His attorney had explained everything and answered all of his questions. PageID# 1297. He did

not want a trial. *Id.* The trial court advised Petitioner that he had a right to trial and that he was giving up the right to make the State prove beyond a reasonable doubt that he was guilty of all of the elements of the offenses charged. He was giving up the right to have the Court issue subpoenas to require people to come to court and testify on his behalf. He was giving up the right to present any defenses to the charges against him. He was giving up the right to have his attorney cross examine witnesses against him. PageID#1297-99.

> And if you had a trial . . . it would be up to you as to whether you testified at the trial on your own behalf because you have that right. Do you understand you're giving up the right to testify on your own behalf today?

PageID# 1299. He was giving up some of his appeal rights. *Id*. Petitioner at all times indicated that he understood and he had no questions. He wanted to plead guilty. *Id*.; PageID# 1304. The trial court advised Petitioner of the potential penalties he faced. PageID# 1300-1304.

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (*quoting North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Further, a criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that the government is responsible for some of the factors motivating him to plead. *Brady v. United States,* 397 U.S. 742, 750 (1970).

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

Petitioner contends that his guilty plea is not knowing intelligent or voluntary, because the trial court failed to advise him of the penalties he faced, the prosecution's burden to prove the charges against him beyond a reasonable doubt, his right to subpoena witnesses on his behalf, the nature of the charges against him, and the consequences of his guilty plea. The transcript of the guilty plea indicates otherwise.

Petitioner contends that his guilty plea is constitutionally invalid because the trial court did not advise him of the elements of the offenses charged. The Court did not need to do so, in view of the totality of the guilty plea hearing, in order for Petitioner's guilty plea to be constitutionally valid. The trial court read the charges to Petitioner, and permitted him to ask questions. *See Webb v. United States*, 403 F.3d 373, 379 (6th Cir. 2005)(citing *United States v. Valdez*, 362 F.3d 903, 908 (6th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 618 (1998)(where a defendant has been provided a copy of the information prior to a change of plea a "presumption that the defendant was informed of the nature of the charge against him" arises). Petitioner acknowledged that he understood the charges and the consequences of his plea. He stated he understood the rights he was waiving and admitted his guilt under oath after being advised of the facts establishing the essential elements of the offenses. *See Murray v. United States*, Nos,. 4:04-cv-98; 4:01-cr-1, 2007 WL 1695377, at *6 (E.D. Tenn. June 7, 2007)(guilty plea knowing, intelligent and voluntary under these circumstances). "[U]ltimately all that is

16

required is that the court . . . "'be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense.'" *Webb*, 403F.3d at 379 (quoting *United States v. Syal*, 963 F.2d 900, 905 (6th Cir. 1992)(citing *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir.1990) (the elements of a charge need not be explained further where the charge "is simple enough for a lay person to understand"). Further, Petitioner indicated he had discussed the charges with his attorney, and understood the nature of the offenses against him.

**Recommended Disposition**

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge