IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES T. TROIANO,

   Petitioner,

  v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

   Respondent.

CASE NO. 2:12-CV-940
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On October 17, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. ECF No. 16. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF No. 20. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**Procedural History**

On May 29, 2009, Petitioner entered a guilty plea in the Franklin County Court of Common Pleas in two separate criminal cases on charges involving rape, kidnapping, gross sexual imposition, abduction and robbery. In June 2009, the trial court imposed an aggregate term of twenty-one (21) years incarceration. *See Exhibit 14 to Return of Writ, Brief of Appellant*, PageID# 973; *Exhibit 15 to Return of Writ*, PageID# 993. Petitioner did not timely appeal. In November 2009, the appellate court granted Petitioner's motion for a delayed appeal, and appointed appellate counsel. *Exhibit 13 to Return of Writ,* PageID# 966-967.

Petitioner asserted that the trial court had improperly imposed consecutive terms of incarceration and that his guilty plea was not knowing, intelligent or voluntary based on the trial court's failure to comply with Rule 11 of the Ohio Criminal Rules of Procedure. *See Exhibit 16 to Return of Writ*. While his appeal remained pending, in September 2009, Petitioner filed a petition for post conviction relief, requesting the appointment of counsel. Petitioner asserted therein that he had been denied effective assistance of counsel because his attorney refused to listen or explain the proceedings, failed to investigate a chat line number and told him to shut up. *Exhibit 29 to Return of Writ*, ECF No. 9-1, PageID# 1135-37.

On June 30, 2010, the appellate court reversed Petitioner's convictions based on the trial court's failure to comply with Rule 11 of the Ohio Rules of Criminal Procedure, and remanded the case to the trial court. *Exhibit 16 to Return of Writ*, PageID# 1008. On January 19, 2011, the Ohio Supreme Court dismissed the appeal. *Exhibit 24 to Return of Writ*, PageID# 1117. Petitioner received a letter from his appellate counsel advising him that the appellate court had decided in his favor and he had obtained the right to a new trial. ECF No. 2-2, *Petition,* PageID# 31. On March 16, 2011, however, the Ohio Supreme Court granted the State's motion for reconsideration and held the case pending a decision in *State v. Barker,* 129 Ohio St.3d 472 (Ohio 2011)(ambiguity in plea proceedings may be clarified by reference to other portions of the record). *Exhibit 31 to Return of Writ*, PageID# 1131. In April 2011, the trial court stayed Petitioner's petition for post conviction relief pending a decision in *Barker. Exhibit 31 to Return of Writ*, PageID# 1214. On October 11, 2011, the Ohio Supreme Court reversed the decision of the Court of Appeals vacating Petitioner's convictions, and remanded the case to the trial court for application of *Barker. Exhibit 28 to Return of Writ,* PageID# 1132. Appellate counsel advised Petitioner that in view of the Ohio Supreme Court's decision, Petitioner no longer had

the right to a new trial, as previously had been thought.  ECF 2-2, *Exhibits to Petition*, PageID# 33.

Upon remand from the Ohio Supreme Court, on February 13, 2012, the trial court granted the State's motion for application of *Barker,* and re-imposed the judgment and sentence, concluding that Petitioner had knowingly, voluntarily and intelligently entered the guilty plea under the standard set forth in *Barker,* and that any error in the plea colloquy was harmless. *Exhibit 33 to Return of Writ, ECF 9-1,* PageID# 1224-25.  The trial court also denied Petitioner's petition for post conviction relief, holding that the documents attached failed to establish that Petitioner had been denied the effective assistance of counsel, and that Petitioner's claims were barred under Ohio's doctrine of *res judicata,* because Petitioner had failed to raise his claims on direct appeal where he had been represented by new counsel.  PageID# 1229-31.  Petitioner did not file an appeal.

**Objections**

Petitioner asserts that the trial court improperly re-imposed the same sentence and that he was denied effective assistance of counsel and the right to counsel.  He maintains these assertions because the State failed to appoint counsel for the purpose of filing an appeal of the trial court's application of *Barker* at re-sentencing.  He additionally raises the previously-discussed claims of ineffective assistance of trial counsel.  *Objection*, ECF 20, PageID# 1365. Petitioner objects to the Magistrate Judge's recommendation of dismissal of these claims as procedurally defaulted because, he contends, the Constitution guarantees him the right to counsel on appeal with respect to the trial court's application of *Barker*.  Petitioner argues that no available means exists by which he could raise this claim in the Ohio courts, and, accordingly, this Court should excuse any procedural default.  Alternatively, Petitioner requests a stay so he

may attempt to exhaust his claims. *Objection*, ECF 20, PageID# 1365-66. Petitioner also objects to the Magistrate Judge's recommendation of dismissal of his claim that the trial court improperly imposed consecutive terms of incarceration. He asserts that the trial court's failure to make factual findings prior to imposition of consecutive terms of incarceration violated due process and the Equal Protection Clause. PageID# 1366. Petitioner contends that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) violate the doctrine of separation of powers and the Suspension Clause. PageID# 1368. He indicates that he challenges solely his convictions on rape, kidnapping, and gross sexual imposition in Ohio Criminal Case Number 2008-CR-6549.

As a preliminary matter, Petitioner did not previously assert that his convictions and sentence violate the doctrine of separation of powers and the Suspension Clause. He cannot do so now through the filing of *Objections.* The one-year statute of limitations under 28 U.S.C. § 2244(d) bars consideration of claims he failed to raise earlier, which differ in time and type from Petitioner's timely filed § 2254 petition. *Mayle v. Felix*, 545 U.S. 644, 650 (2005)(untimely amendments to a habeas corpus petition relate back and may be addressed only where they arise from the same common core of operative facts). Further, federal district courts of appeal universally agree that application of the AEDPA does not violate the Constitution. *See Betts v. Tibbals,* No. 1:11-cv-01107, 2014 WL 4794530, at *3 (N.D. Ohio Sept. 24, 2014)(citation omitted); *Bowling v. Parker,* 882 F.Supp.2d 891, 901-02 (E.D. Ky. 2012)(citations omitted). The "constitutional foundations of § 2254(d)(1) are solidified by the Supreme Court's repeated application of the statute." *Id*. at 902.

Federal law does not bar a court from imposing consecutive terms of incarceration. The Court is unaware of any United States Supreme Court case holding that a state judge's failure to

make findings required by a statute like R.C. § 2929.14(C)(4) creates a fundamentally unfair proceeding. Both state and federal courts have the power to impose consecutive sentences for multiple offenses. The Supreme Court has called the practice of giving trial judges "unfettered discretion [to decide] whether sentences for discrete offenses shall be served consecutively or concurrently" a "common-law tradition. . . ." *Oregon v. Ice*, 555 U.S. 160, 163 (2009). Imposition of consecutive terms of incarceration does not violate clearly established federal law construing the Due Process Clause, or make the state court proceedings fundamentally unfair. As to his assertion that his sentence violates the Equal Protection Clause, Petitioner fails to identify the basis for his claim and the record does not support it. As this Court said in *Oldham ex rel. Young v. Cincinnati Public Schools*, 118 F.Supp.2d 867, 871 (S.D. Ohio 2000), "the threshold element of an equal protection claim is disparate treatment." Here, however, no evidence of disparate treatment is present in this record. Thus, Petitioner's equal protection claim has no merit.

This Court is not persuaded that Petitioner's claims of ineffective counsel and denial of the right to counsel warrant relief. Petitioner obtained appellate review of his claim regarding the improper imposition of consecutive terms of incarceration, and has no right to a second round of review. He never raised in the state courts a claim that he was denied the effective assistance of counsel or the right to counsel to file an appeal of the trial court's re-imposition of sentence under the authority of *Barker*. He could have done so by filing a motion for a delayed appeal pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure, as he previously had done, with success.

Arguably, the latter claim remains unexhausted, as Petitioner still may pursue a delayed appeal in the Ohio courts. A state prisoner seeking federal habeas corpus relief must first

exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 23 Ohio Misc. 1, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140 (6th Cir. 1970). However, the record fails to reflect that a stay of proceedings pending exhaustion is warranted.

The AEDPA advances the states' significant interest in the finality of criminal convictions. Stays undermine finality and the AEDPA's provisions that encourage prisoners to timely present all of their federal claims to the state court at the earliest opportunity. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Stays should be used sparingly. They should not be granted when the unexhausted grounds are plainly meritless. 544 U.S. at 278. Before a court can stay a habeas corpus action, the petitioner must demonstrate good cause for having failed to exhaust his state court remedies and that his claim is potentially meritorious. *Id.* at 277-78. Petitioner cannot meet this standard here.

The record reveals that that Petitioner cannot establish good cause for failing to pursue a delayed appeal in the state appellate court. Further, his claims are not potentially meritorious because it appears from the record that Petitioner will be unable to establish adequate reasons for his failure, to date, to pursue a delayed appeal to date as required under Rule 5(A)(2). Because his claims are likely barred from review in the state appellate court, they are not potentially meritorious as that term is defined under *Rhines v. Weber.* Nor would a stay of proceedings be warranted for Petitioner to pursue a motion that has little, if any, likelihood of success. *See Toledo v. Banks*, No. 2:09-cv-614, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010)(citing *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) ("[W]hen a petitioner is 'procedurally barred

from raising [his] claims in state court,' his 'unexhausted claims are 'plainly meritless.'")(citing *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005)); *Carter v. Friel*, 415 F.Supp.2d 1314, 1321–22 (D. Utah 2006); *Scott v. Sheldon*, No. 3:08-cv-1837, 2009 2982866 (N.D. Ohio Sept. 11, 2009) (same)(citing *Neville v. Dretke*)); *Sieng v. Wolfe*, No. 08-cv-00044, 2009 WL 1607769, *7, Case No. 2:08–cv–0044 (S .D. Ohio Jun. 9, 2009); *Bailey v. Eberlin*, No. 2:08-cv-839, 2009 WL 1585006, *7 (S.D. Ohio Jun. 4, 2009).

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF No. 20, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

Date: January 15, 2015

                                                                              _____s/James L. Graham_____
                                                                              **JAMES L. GRAHAM**
                                                                              **United States District Judge**